COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




NATIONAL RESTAURANT SUPPLY,
INC.,


 Appellant,


v.


OSCAR DAVALOS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-07-00271-CV



Appeal from the


County Court at Law No. 5


of El Paso County, Texas 


(TC# 2006-079) 




MEMORANDUM OPINION


 Pending before the Court is a joint motion to vacate the trial court's judgment and dismiss
this appeal. By their motion, the parties have reached a settlement agreement resolving all
disputes between them, including the matters at issue in this appeal. The parties request that this
Court: (1) enter an order vacating the trial court's judgment; (2) order that the corporate surety
be released from any continuing liability on the appellate bond filed in the underlying case; and
(3) dismiss this case.

 An intermediate court of appeals is authorized to vacate the trial court's judgment and
dismiss the underlying case. See Tex.R.App.P. 43.2(e)(in its judgment, the court of appeals may
vacate the trial court's judgment and dismiss the case). Further, Rule 42.1 of the Texas Rules of
Appellate Procedure permits an appellate court to dispose of an appeal pursuant to an agreement
of the parties. Tex.R.App.P. 42.1(a)(2). The Court may render judgment effectuating the
parties' agreement, set aside (vacate) the trial court's judgment, and remand the case to the trial
court for rendition of judgment in accordance with the agreement, or abate the appeal and permit
proceedings in the trial court to effectuate the agreement. Tex.R.App.P. 42.1(a)(2).

 The parties have clearly agreed that this Court should vacate the trial court's judgment
and order that the corporate surety be released from further liability on the supersedeas bond. 
The parties have also agreed that this case should be dismissed. While we are authorized to
vacate the trial court's judgment and dismiss the underlying case, we are unable to both vacate
the trial court's judgment and dismiss the appeal. It is not clear whether the parties intended for
the Court to dismiss the underlying case. Therefore, we will enter a judgment in accordance with
the agreement of the parties, except we will not dismiss the appeal. Instead, we will remand the
cause to the trial court for further proceedings, including entry of an order dismissing the
underlying case.

 Accordingly the joint motion to dispose of the appeal in accordance with the parties'
agreement is granted in part and denied in part. The judgment of the trial court is vacated. The
clerk of the trial court shall release the surety, Washington International Insurance Company,
from further liability on the supersedeas bond filed in the case. Because the parties' agreement
does not address costs on appeal, those costs are taxed against Appellant. See Tex.R.App.P.
42.1(d). The cause is remanded to the trial court for entry of a dismissal order or other
proceedings as are deemed necessary by the parties and the trial court to effectuate the settlement. 
Our mandate will issue ten days from the date of this opinion and judgment.


February 28, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.